## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER FULTZ, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-960 |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

## COMPLAINT

Now comes CHRISTOPHER FULTZ ("Plaintiff") complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*, and Ohio common law.

### JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.   Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in this District and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

**PARTIES**

4.      Plaintiff is a natural person residing within this District.

5.      Defendant is a third-party debt collector incorporated in Delaware and headquartered in Virginia.

6.      Defendant regularly collects upon consumers located in the state of Ohio.

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.      Last year, Plaintiff began receiving numerous calls from Defendant.

9.      Defendant was attempting to collect upon two debts that Plaintiff incurred for the purchase of everyday personal items.

10.      On September 7, 2018 at around 10:53 A.M., Plaintiff returned a call from Defendant and verified his information.

11.      Defendant indicated to Plaintiff that it was seeking to collect upon a debt that was time-barred.

12.      When Plaintiff learned that at least one of the accounts was time-barred, Plaintiff demanded that Defendant stop calling him.

[ 2 ]

13.     Defendant acknowledged Plaintiff's request to stop receiving calls.

14.     Nevertheless, Defendant continued to call Plaintiff.

15.     In fact, Defendant called Plaintiff again that very same day, but used a different number.

16.     On information and belief, Defendant intentionally used a different number to call Plaintiff so that Plaintiff would not recognize its number.  Defendant therefore intended to mislead Plaintiff as to the identity of the caller.

17.     In total, after Defendant acknowledged that Plaintiff had demanded to stop receiving calls, Defendant placed at least six more calls to Plaintiff.

18.     On information and belief, Defendant placed these additional calls for the purpose of harassing Plaintiff because Plaintiff did not wish to pay on a time-barred debt.

19.     Plaintiff has been unfairly harassed by Defendant's actions.

20.     Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, and increased usage of his telephone services.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.     Plaintiff realleges the paragraphs above as though fully set forth herein.

22.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a credit card debt.

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated § 1692d when it repeatedly called Plaintiff after being notified to stop with the intent to harass Plaintiff.

28. Further, Defendant violated § 1692e when it sought to unfairly mislead and confuse him by calling him from several different numbers.

29. Plaintiff has suffered injury as a result of this conduct and is entitled to statutory damages, actual damages, costs and fees.

## COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

30.     Plaintiff realleges the paragraphs above as though fully set forth herein.

31.     The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

32.     Plaintiff is a "person" as defined by R.C. 1345.01(B).

33.     Defendant is a "supplier" as defined by R.C. 1345.01(C).  *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

34.     Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

35.     R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

36.     Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

37.     Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.  See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

38.     Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3) and is liable.

[ 5 ]

## <u>COUNT III—INVASION OF PRIVACY</u>

39.    Plaintiff realleges the paragraphs above as though fully set forth herein.

40.    Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee,* 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 133 N.E.2d 340 (Ohio 1956)).

41.    Defendant invaded Plaintiff's privacy by calling him to such an extent that it amounted to hounding him.

42.    Plaintiff has suffered distress as a result and is entitled to actual and exemplary damages.

WHEREFORE, Plaintiff requests judgment as follows:

a.     Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

b.     Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

c.     Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

d.     Awarding Plaintiff $200 in statutory damages and up to $5,000 in noneconomic damages per violation of the CSPA;

e.     Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing his CSPA claims;

f.     Awarding Plaintiff actual and punitive damages for invasion of privacy; and

g.     Awarding any other relief this Honorable Court deems just and appropriate.

Dated: April 30, 2019

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*

[ 7 ]